[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 29, 2006
THOMAS K. KAHN
CLERK

No. 05-14696
Non-Argument Calendar

_____

D. C. Docket No. 00-00647-CV-ORL-19-KRS

RICHARD A. BROUGH, JR.,

Plaintiff-
Counter-Defendant
Appellee,

versus

IMPERIAL STERLING LTD,
a Delaware corporation,

Defendant-
Counter-Claimant
Appellant,

HARRIET GOLDING,
a.k.a. Harriet Golding Martin,

Counter-Claimant
Counter-Defendant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(March 29, 2006)**

Before CARNES, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

In *Brough v. Imperial Sterling Ltd.*, 297 F.3d 1172 (11th Cir. 2002), we affirmed a jury verdict awarding Richard A. Brough, Jr. (Brough) damages for breach of an employment contract which entitled him to commissions on the sale of Imperial Sterling's Florida properties. We affirmed the jury's award of $406,000 for commissions on property sold before trial, and $208,560 for lost salary, benefits, and vehicle allowance. We reversed the award of $2,585,000 for future commissions on properties not yet sold. We then entered an order granting, in part, Brough's motion for appellate attorney's fees incurred in successfully defending the $406,000 award for unpaid commissions, and remanded the entire matter back to the district court for a determination as to a reasonable amount. On remand, the matter was referred to a magistrate judge who filed a report and recommendation recommending that Brough be awarded $215,467.24 for trial fees and 23,063.00 for appellate fees. After conducting a de novo review, the district court, in a separate opinion, reduced the trial fees by $600 but otherwise adopted the magistrate judge's report and recommendation. Attorney's fees and costs totaled $248,968.70. Imperial Sterling appeals, contending that the district court (1) failed to follow this Court's mandate, and (2) based the attorney's fee award on

2

improper standards.

We review an award of attorney's fees for abuse of discretion. *Waters v. Intern. Precious Metals Corp.*, 190 F.3d 1291, 1293 (11th Cir. 1999). "The district court has great latitude in formulating attorney's fees awards subject only to the necessity of explaining its reasoning so that we can undertake our review." *Id.* (internal quotations omitted). Under the abuse of discretion standard, "there will be occasions in which we affirm the district court even though we would have gone the other way had it been our call." *Id.* "[T]he abuse of discretion standard allows a range of choice for the district court, so long as that choice does not constitute a clear error of judgment." *Id.*

After a careful review of the party's briefs and the record, we find no deviation from our prior order limiting appellate attorney's fees to those incurred in defending the $406,000 award for lost commissions. Nor do we find any other errors that would be sufficient to amount to an abuse of discretion. The district court ably conducted a review of the record and considered the evidence in support of and in opposition to the attorney's fees requested. Our review fails to show that the district court abused its discretion in calculating reasonable attorney's fees. Accordingly, we affirm.

**AFFIRMED.**

3